IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

February 1, 1999

Cecil W. Crowson
Appellate Court Clerk

FOR PUBLICATION

Filed:  February 1, 1999

| | | |
|---|---|---|
| IN RE ESTATE OF FOSTER HUME, III | ) | |
| | ) | |
| THE UNIVERSITY OF THE SOUTH | ) | DAVIDSON PROBATE |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | HON. FRANK G. CLEMENT, JR., |
| Vs. | ) | JUDGE |
| | ) | |
| | ) | |
| MEREDITH KLANK | ) | |
| | ) | |
| Appellee. | ) | No.  01-S-01-9709-PB-00182 |

**For Appellant:**

J. Richard Lodge, Jr.
E. Clifton Knowles
Bass, Berry & Sims, PLC
Nashville, Tennessee

**For Appellee:**

Norman Gillis
Nashville, Tennessee

John Drummond
Nashville, Tennessee

O P I N I O N

COURT OF APPEALS REVERSED;
CASE REMANDED TO TRIAL COURT.

ANDERSON, C.J.

We granted this appeal to determine whether the probate rule of ademption by extinction applies to the specific bequest of a house, where the house is sold at foreclosure before the testator's death and sales proceeds representing the testator's interest are identifiable after his death.

The trial court, emphasizing the testator's intent as reflected by the will, concluded that the bequest had not been adeemed because there were proceeds remaining from the foreclosure sale. The foreclosure sale proceeds were ordered to be distributed to the beneficiary of the specific bequest. The Court of Appeals affirmed.

After our review of the record and applicable authority, we conclude that the foreclosure of the house prior to the testator's death resulted in an ademption by extinction of the specific bequest and that the foreclosure sale proceeds should have been distributed to the residuary beneficiary of the estate. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for further proceedings.

## BACKGROUND

Foster Hume, III, a licensed attorney, executed a valid holographic will dated August 1, 1990. In addition to other bequests, Hume specifically devised his house in Atlanta to his niece, Meredith Klank ("Klank"), stating in his will, "my Atl. House to . . . Meredith. (Clank [sic] I believe)." Hume named the appellant, University of the South ("University"), residuary beneficiary.

Hume purchased the Atlanta house in 1986, subject to a mortgage in favor of NationsBanc. Hume faithfully made his mortgage payments to NationsBanc until the late summer of 1991. Because of Hume's delinquency, NationsBanc sold the house at foreclosure before Hume's death on November 12, 1991.

The surplus proceeds of $55,745.07, after satisfying the mortgage debt, were paid to the estate's Executrix, who took the position that the Atlanta house had been adeemed and that the proceeds should be paid to the University, the residuary beneficiary, and not to Klank, the beneficiary of the specific bequest. Klank, claiming the right to the surplus proceeds, filed an exception to the Executrix's final accounting in Davidson County Probate Court. The Executrix moved to have her final accounting approved.

The Davidson County Probate Court denied the Executrix's motion and ordered that the proceeds be paid to Klank. Relying on the lack of proof in the record to indicate Hume had actual knowledge of the foreclosure proceeding, the court reasoned that Hume had not voluntarily parted with his house and thus must have intended Klank to receive it, as indicated by the will.

The Court of Appeals affirmed the trial court, finding that an ademption by extinction had not occurred in this case for two main reasons. First, the court noted that "Testator's only contribution to the foreclosure was his inability or failure to pay the debt which cannot be presumed to be a voluntary act; and there is no evidence that it was deliberate or voluntary." Second, the Court of Appeals distinguished between cases in which the foreclosure sale was insufficient to satisfy the debt, where an ademption by extinction would occur, and cases in which the foreclosure sale resulted in surplus proceeds, where an ademption by extinction would not occur.

We granted the University's application for permission to appeal.

## ANALYSIS

The only issue presented for our review, whether the bequest of the Atlanta house has been adeemed by extinction, is purely a question of law; thus, our review is de novo with no presumption of correctness given the judgments of either the trial court

or the Court of Appeals. E.g., City of Tullahoma v. Bedford County, 938 S.W.2d 408, 412 (Tenn. 1997).

The parties dispute whether the specific bequest was adeemed by the foreclosure sale and whether the testator's intent is relevant to the issue. Noting that the specific bequest at issue involves Hume's "Atl[anta] house," not Hume's interest in the house, the University argues that the bequest to Klank was adeemed by the foreclosure sale and that even if Hume's intent could be discerned from the record, that intent is irrelevant. Conversely, Klank argues both that the Testator's intention is relevant to the present case and that the Testator's will transferred his interest in the house, which at the time of his death was represented by the proceeds remaining after the foreclosure sale.

We begin our analysis by noting that ademption is generally defined as "the extinction, alienation, withdrawal, or satisfaction of the legacy by some act of the testator by which an intention to revoke is indicated: the doing of some act with regard to the subject-matter which interferes with the operation of the will." E.g., American Trust & Banking Co. v. Balfour, 138 Tenn. 385, 198 S.W. 70, 71 (Tenn. 1917). Implicit in Tennessee ademption cases is the notion that the two parts of this definition each respectively correspond to the two types of ademption recognized in Tennessee, ademption by satisfaction and ademption by extinction. See, e.g., Rhodes v. Kebke, 179 Tenn. 480, 167 S.W.2d 345 (1943) (ademption by satisfaction case). The present case involves the issue of ademption by extinction.

Ademption by extinction results because of "the doing of some act with regard to the subject-matter which interferes with the operation of the will." Balfour, 198 S.W. at 71. In these cases:

> [t]he rule [of ademption by extinction] prevails without regard to the intention of the testator or the hardship of the case, and is predicated upon the principle that the subject of the gift is annihilated or its condition

-4-

so altered that nothing remains to which the terms of the bequest can apply.

Wiggins v. Cheatham, 143 Tenn. 406, 225 S.W. 1040, 1041 (1920) (emphasis added) (citation omitted). In other words, it only matters that the subject of the specific bequest no longer exists because of "the doing of some act;" it is irrelevant who or what initiates "the doing." Balfour, 198 S.W. at 71.

Ademption by satisfaction, on the other hand, refers to the situation in which the testator "gives in his lifetime to a legatee what he had left him in his will." Rhodes, 167 S.W.2d at 348. In ademption by satisfaction cases, the testator deals with the legatee in such a way so as to result in an "extinction, alienation, withdrawal, or satisfaction of the legacy" during the testator's lifetime. Balfour, 198 S.W. at 71. In such cases, the testator's intent is relevant to determine whether the testator's action regarding the legatee "amounts to a withdrawal of the gift from the operation of the will." Rhodes, 167 S.W.2d at 348. Accordingly, a primary distinction between ademption by satisfaction cases and ademption by extinction cases is that the intent of the testator is relevant to the former but not to the latter, and that the act of extinction may be the action of anyone.

This rule that the intent of the testator is irrelevant in ademption by extinction cases is in harmony with the modern holdings found in the majority of states. E.g., McGee v. McGee, 413 A.2d 72 (R.I. 1980). In McGee, the Rhode Island Supreme Court defines the rule and persuasively analyzes the policy supporting it. The McGee court stated with respect to the "in specie" test:

> This test focuses on two questions only: (1) whether the gift is a specific legacy and, if it is, (2) whether it is found in the estate at the time of the testator's death. The extinction of the property bequeathed works an ademption regardless of the testator's intent.
> . . .
> Moreover, under the principles enunciated by Lord Thurlow . . . only the fact of change or extinction, not the reason for the change or extinction, is truly relevant. The vast majority of jurisdictions adhere to this rule. This "in specie" theory of ademption, although it may occasionally result in a

failure to effectuate the actual intent of a testator, has many advantages. Significant among these advantages is simplicity of application, as opposed to ad hoc determination of intent from extrinsic evidence in each particular case. This theory further has the advantages of stability, uniformity, and predictability.

Id. at 76-77 (citations omitted).

The rule of ademption by extinction has been applied in several Tennessee cases similar to the case before us. For example, in Ford v. Cottrell, 141 Tenn. 169, 207 S.W. 734 (Tenn. 1918), the testator specifically bequeathed certain interests in a house which he owned at the time he executed his will. Prior to testator's death, he sold the house. This Court found that "[a]t the death of the [testator] the specific property in question has [sic] been sold . . . and was not, therefore, in existence." Id. at 737. We held that the specific bequest had been adeemed or extinguished and that the proceeds from the sale of the property during testator's lifetime formed part of the general estate. Id.

Just a year earlier, in Balfour, this Court announced "the rule that a specific legacy is adeemed when there has been a material alteration or change in the subject-matter, and that the property into which it was converted in such change cannot be substituted as or for the specific bequest." Id. at 71. The testator bequeathed life insurance policy proceeds to his daughter. Prior to his death, the testator collected the cash surrender values of the policies which he later invested in real estate mortgage notes. Applying the rule, this Court held that the specific bequest of the life insurance policy proceeds had been adeemed. Id.

Applying the foregoing rule, we conclude that the specific bequest of the Atlanta property was adeemed in its entirety by the foreclosure sale regardless of Hume's presumed intentions. Much like the specific bequest in Ford, at Hume's death, "the specific property in question ha[d] been sold . . . and [i]s not, therefore, in existence." Id. at 737. The only difference between the sale in Ford and the sale in the present

case is the identity of the seller. It is of no significance that a third party and not Hume initiated the sale in the present case because, as previously stated, the rule of ademption by extinction applies without regard to the testator's intentions. Thus, the foreclosure sale constituted "the doing of some act with regard to the subject-matter which interferes with the operation of the will." Balfour, 198 S.W. at 71. Accordingly, in our view, the foreclosure sale prior to Hume's death adeemed the specific bequest of the house.

We further conclude that the proceeds cannot be substituted for the specific bequest of the house because "a specific legacy is adeemed when there has been a material alteration or change in the subject-matter, and . . . the property into which it was converted in such change cannot be substituted as or for the specific bequest." Balfour 198 S.W. at 71. The change in form involved in this case is strikingly similar to the change in form which resulted in an ademption by extinction in Ford. Just as the proceeds resulting from the sale of the house in Ford formed part of the general estate, Id. at 737, so do the proceeds resulting from the sale of the house in the present case. Accordingly, we hold that the foreclosure sale resulted in such a "material alteration" to the subject matter of the specific bequest so that the proceeds "cannot be substituted as or for the specific bequest." Balfour, 198 S.W. at 71.

## CONCLUSION

We conclude that the testator's intent is irrelevant in deciding the question of whether a specific bequest has been adeemed by extinction. We further conclude that a foreclosure sale so alters the form of the specific bequest of a house that an ademption by extinction results regardless of whether identifiable proceeds remain from the foreclosure sale. We therefore reverse the judgments of the trial court and the Court of Appeals and remand to the trial court for further proceedings. Costs of this appeal are taxed to the appellee.

-7-

_____
RILEY ANDERSON, CHIEF JUSTICE

**Concur:**
Drowota, Holder, and Barker, JJ.