IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 26, 2001 Session

# MARGARET AKINS v. PAULINE ANDERSON CLARK, ET AL.

**Appeal from the Circuit Court for Monroe County**
**No. 11306     Lawrence H. Puckett, Judge**

**FILED APRIL 24, 2001**

**No. E2000-02337-COA-R3-CV**

Margaret Akins ("Plaintiff") stood to inherit a farm and stock from her close friend, Josephine A. Notgrass ("Notgrass"), through specific bequests ("Bequests") in Notgrass' will. After Notgrass' will ("Will") was executed, Notgrass and Plaintiff formed a limited partnership ("Limited Partnership") in an effort to save estate taxes. Notgrass held a substantially higher interest in the Limited Partnership than Plaintiff and was the sole general partner. Notgrass transferred to the Limited Partnership the farm and stock which were the subject of the Bequests. After Notgrass' death, Plaintiff, who also is the personal representative of Notgrass' estate, filed a declaratory judgment action, seeking an order from the Trial Court regarding how to distribute the assets of the Limited Partnership. The Trial Court held that the transfer of the farm and stock to the Limited Partnership did not materially change or alter those assets, and, therefore, the transfer did not result in an ademption by extinction of the Bequests. As a result, the Trial Court held that Plaintiff was entitled to inherit the farm and stock pursuant to the Bequests. Fourteen of the twenty one named residuary beneficiaries ("Defendants") appeal. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Hugh W. Morgan and Amanda M. Belew, Knoxville, Tennessee, Robert J. Pennington, Madisonville, Tennessee, and Larry Dean Cantrell, Athens, Tennessee, for the Appellants, Hiwassee College, Monroe County Senior Citizens and Friends, First United Methodist Church of Madisonville, Harrison-Chilhowee Baptist Academy, Charlene Notgrass Mischlich, Roxie Anna Notgrass Ferguson, Vicki Mischlich Forester, Steve Mischlich, Sherri Mischlich Forester, Elizabeth Forester, a minor, by next friend Vicki Mischlich Forester, Catherine Forester, a minor, by next friend Vicki Mischlich Forester, James Neal Notgrass Carter, Cory Talmadge Forester, a minor, by next friend Sherri Mischlich Forester, and Nicholas Ryan Forester, a minor, by next friend Vicki Mischlich Forester.

Marcia M. McMurray, Cleveland, Tennessee, and David F. Harrod, Athens, Tennessee, for the Appellee, Margaret Akins, as Personal Representative of the Estate of Josephine A. Notgrass, and Individually.

# OPINION

## Background

Josephine A. Notgrass died testate in November 1996. Notgrass had no children and was preceded in death by her husband. The proof in the record establishes that Notgrass and Margaret Akins enjoyed a long friendship. Notgrass' Will was admitted to probate. Plaintiff and Pauline A. Clark were appointed the personal representatives of Notgrass' estate. Clark later resigned as personal representative.

Notgrass executed her Will in July 1994. The Will provides, in pertinent part, as follows:

ARTICLE IV: DISPOSITION OF REAL PROPERTY . . .
I devise and bequeath to [Plaintiff] my farm in Monroe County, Tennessee and all other real property owned by me.[1]

ARTICLE V: DISPOSITION OF PERSONAL PROPERTY . . .
I devise and bequeath to [Plaintiff] the stocks owned by me at my death, specifically including the stock in Valley Bank and the Farm Bureau.

ARTICLE VI: DISPOSITION OF RESIDUARY ESTATE

---

[1] In the preceding paragraph of Article IV, Notgrass devised two acres of real property to third parties who are not involved in this matter.

> All the rest and residue of my estate, of every kind and character, whether the same be real, personal, or mixed, and wherever situated, shall be referred to as my "Residuary Estate." I give, devise and bequeath my Residuary Estate, subject to the charge of death taxes as provided in Article III, to the following persons if they survive me, each person receiving the percentage of my Residuary Estate set forth opposite his or her name. . . .

The Defendants are fourteen of the twenty one residuary beneficiaries named by Article VI of the Will.

After Notgrass executed her Will, she and Plaintiff created the Notgrass Limited Partnership in an attempt to reduce estate taxes. For her initial capital contribution, Notgrass transferred her farm and various stocks to the Limited Partnership. These were the same assets which were the subject of the Bequests to Plaintiff in Articles IV and V in Notgrass' Will. At the time of her death, Notgrass had a 1% interest in the Limited Partnership as a general partner and a 90.5% interest as a limited partner. Plaintiff held the remaining 8.5% interest as a limited partner. The Limited Partnership agreement prohibits the limited partners from demanding that they receive distributions from the Limited Partnership.[2]

After Notgrass' death, Plaintiff filed a Petition for Declaratory Judgment, requesting guidance from the Trial Court regarding how to distribute the Limited Partnership assets and whether an ademption by extinction occurred when Notgrass transferred the farm and stocks to the Limited Partnership.[3] After a trial on the merits, the Trial Court held that Notgrass' transfer of property to the Limited Partnership did not result in a material alteration or change in those assets such that an ademption by extinction resulted. As a result, the Trial Court held that Plaintiff was to receive the property as provided for by the Bequests. Furthermore, the Trial Court held that the remaining assets of the Limited Partnership would be distributed according to the respective interests of the partners, with 91.5% awarded to Notgrass' estate and 8.5% awarded to Plaintiff, individually. Defendants appeal.

## Discussion

The issue before us is whether or not the Bequests of the real and personal property to Plaintiff were adeemed by extinction because of the transfer of that real and personal property to the Limited Partnership. The Trial Court said no. Defendants disagree with the Trial Court and contend that the Trial Court erred in holding that no ademption by extinction occurred when Notgrass, the testatrix, transferred to the Limited Partnership her farm and stocks covered by the

---

[2] The Limited Partnership Agreement also provides that if a new general partner is not named within sixty days of Notgrass' death, the Limited Partnership is to dissolve. The record on appeal, however, indicates that the Limited Partnership has not yet been dissolved.

[3] At trial, Plaintiff in her individual capacity was added as a party to this matter.

Bequests. Plaintiff agrees with the Trial Court's holding, asserting that only a partial ademption by satisfaction of the Bequests resulted from the transfer and that the intent of Notgrass to leave Plaintiff her farm and stock controls.

As this appeal concerns the Trial Court's conclusion of law that Notgrass' transfer of assets to the Limited Partnership did not result in an ademption by extinction, we will conduct a *de novo* review with no presumption of correctness. *In re Estate of Hume v. Klank*, 984 S.W.2d 602, 604 (Tenn. 1999).

Our Supreme Court discussed the doctrine of ademption as follows:

> ademption is generally defined as 'the extinction, alienation, withdrawal, or satisfaction of the legacy by some act of the testator by which an intention to revoke is indicated: the doing of some act with regard to the subject-matter which interferes with the operation of the will.'

*Id.* (citing *American Trust & Banking Co. v. Balfour*, 198 S.W. 70, 71 (Tenn. 1917)).

Tennessee courts recognize two types of ademption: ademption by extinction and ademption by satisfaction. *Id.* Ademption by extinction occurs "because of 'the doing of some act with regard to the subject-matter which interferes with the operation of the will,'" and it is "irrelevant who or what initiates 'the doing.'" *Id.* (citing *American Trust & Banking Co. v. Balfour*, 198 S.W. at 71). Moreover, an ademption by extinction results when the subject of the bequest is "'material[ly] alter[ed] or change[d] [. . .], and . . . the property into which it was converted in such change cannot be substituted as or for the specific bequest.'" *Id.* (quoting *American Trust & Banking Co. v. Balfour*, 198 S.W. at 71). Our Supreme Court further held:

> [t]he rule [of ademption by extinction] prevails *without regard to the intention of the testator or the hardship of the case*, and is predicated upon the principle that the subject of the gift is annihilated or its condition so altered that nothing remains to which the terms of the bequest can apply.

*Id.* (quoting *Wiggins v. Cheatham*, 225 S.W. 1040, 1041 (Tenn. 1920) (alterations in original).

By comparison, the doctrine of ademption by satisfaction "refers to the situation in which the testator 'gives in his lifetime to a legatee what he had left him in his will.'" *Id.* (citing *Rhodes v. Kebke*, 167 S.W.2d 345, 348 (Tenn. 1943)). The main difference between these two doctrines is that under the doctrine of ademption by satisfaction, the intent of the testator is "relevant to determine whether the testator's action regarding the legatee 'amounts to a withdrawal of the gift from the operation of the will.'" *Id.*

We agree with Defendants' contention that Notgrass' transfer of her farm and stock to the Limited Partnership materially altered the nature of those assets such that it resulted in an ademption by extinction of the Bequests. *Id.* Notgrass' transfer rendered those assets property of the Limited Partnership, leaving Notgrass holding an interest in the Limited Partnership. Under the Tennessee Revised Uniform Limited Partnership Act, "[a] partnership interest is personal property. A partner has no interest in specific limited partnership property." Tenn. Code Ann. § 61-2-701. Prior to the transfer to the Limited Partnership, Notgrass was the sole owner of the real property and stocks in question. After the transfer to the Limited Partnership, Notgrass no longer owned the real property or the stocks, but rather owned a 91.5% interest in the Limited Partnership. Since the subjects of the Bequests were materially altered by the transfer, the Bequests were adeemed by extinction. *See In re Estate of Hume*, 984 S.W.2d at 604.

Plaintiff contends that the intent of Notgrass controls, that her intention was to leave her farm and stock to Plaintiff, and that the transfer of the assets to the Limited Partnership was intended only to reduce estate taxes. If this case involved an ademption by satisfaction, Notgrass' intent would be relevant. *See id.* We must, however, first determine which type of ademption occurred when Notgrass transferred the assets to the Limited Partnership. *See id.* To do otherwise would amount to putting the cart before the horse. Since we hold that an ademption by extinction resulted from the transfer, Notgrass' intent is not relevant. Although we recognize Plaintiff's frustration with the result of Notgrass' otherwise well-intentioned attempt to save estate taxes, we cannot consider Notgrass' intent under the facts and circumstances presented by the record on appeal. *See id.* Additionally, although it is "irrelevant who or what initiates 'the doing,'" it is noteworthy that Notgrass' own conduct resulted in an ademption by extinction. By comparison, our Supreme Court in *In re Estate of Hume* held that a bequest to leave the testator's niece his house was adeemed by extinction by a foreclosure on the house's mortgage by a third party even though the sales proceeds representing the testator's interest were identifiable after his death. *See id.* at 603, 605.

Plaintiff also argues that Notgrass' transfer of her farm and stock to the Limited Partnership did not result in an ademption by extinction because those assets and Notgrass' use of them, specifically the farm where she lived, were essentially unchanged by the transfer. This Court, however, cannot ignore the effect of Notgrass' transfer of those assets. Despite Plaintiff's argument that this was merely a nominal change, the transfer of the farm and stock to the Limited Partnership materially altered their nature, so much so that they became property of the Limited Partnership. *See* Tenn. Code Ann. § 61-2-701. When Notgrass transferred those assets to the Limited Partnership, she exchanged her ownership interest in them for an ownership interest in the Limited Partnership and she no longer held any ". . . interest in specific limited partnership property." *See id.*

Accordingly, due to the material change or alteration in the subject of the Bequests, the farm and stock, we hold that an ademption by extinction resulted from the transfer. *See In re Estate of Hume*, 984 S.W.2d at 604. We hold, therefore, that the Trial Court erred in finding that the transfer of the farm and stock to the Limited Partnership did not result in an ademption by extinction. Plaintiff is not entitled to receive the farm and stock as Bequests under the Will. The

farm and the stock are owned by the Limited Partnership. Notgrass's 91.5% interest in the Limited Partnership is an asset of the estate to be distributed pursuant to Notgrass's Will.

## **CONCLUSION**

The judgment of the Trial Court is reversed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellee, Margaret Akins, in her capacity as personal representative of the Estate of Josephine A. Notgrass, and her surety, if any.

_____
D. MICHAEL SWINEY, JUDGE