IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, August 2004 Session

## AMES DAVIS, Administrator of the Estate of Mary Reeves Davis
## v. W. TERRY DAVIS

An Appeal from the Probate Court of Davidson County
No. 99P-1955     The Honorable Frank G. Clement, Jr., Judge

———————————————

No. M2003-02447-COA-R3-CV - Filed December 17, 2004

———————————————

This case involves a claim for reimbursement against an estate. A trust was established during the decedent's lifetime to pay for her needs. Before the decedent died, her husband paid for her needs, in part to preserve trust property. After her death, the husband filed a claim against the wife's estate seeking reimbursement for his payments for the healthcare and support of the wife. The trial court found that the payments were made to protect the wife's trust property, as well as for the care and support of the wife, and would have been paid by the trustee but for lack of assets, and the wife's estate was the successor-in-interest to the remaining assets of the trust. Consequently, the trial court sustained the husband's claim against the wife's estate. The wife's estate now appeals. We affirm, finding the expenses paid by husband constitute a valid claim against the wife's estate.

**Tenn. R. App. P. 3; Appeal as a Right; Judgment of the Probate Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, J. and ALAN E. HIGHERS, J., joined.

Ames Davis and Sally B. Buntin of Nashville for Appellant, Ames Davis, Administrator of the Estate of Mary Reeves Davis

Gregory H. Oakley and Daniel Small of Nashville for Appellee, W. Terry Davis

**OPINION**

Mary Reeves Davis ("Wife") was the widow of the late country music performer "Gentleman" Jim Reeves. Upon Reeves' death, Wife had inherited substantial real and personal property. After Reeves' death, Wife married W. Terry Davis ("Husband"). Husband, as holder of power of attorney for Wife, sold Wife's real property related to Jim Reeves Enterprises for $3.8 million as well as Wife's personal property related to Jim Reeves Enterprises for $3.5 million. Thereafter, Husband entered into an agreement with W. D. White, Wife's brother, to establish an

irrevocable trust to provide for Wife's immediate and life-long personal and healthcare needs. This trust was to receive fifty percent (50%) of the funds from the sale of the Jim Reeves property. Wife signed the Trust Indenture Mary Reeves Davis Inter Vivos Trust (the "Trust") on July 11, 1996.

Wife had a bank account held solely in her name at SunTrust Bank. In May 1996, the balance of the SunTrust account was $134,211. In June 1996, Husband, as holder of Wife's power of attorney, changed the SunTrust account into a joint bank account in the name of both Husband and Wife. Soon afterward, Husband withdrew the entire balance of the joint account.

On August 28, 1996, relatives of Wife's first husband, Jim Reeves, filed a Petition for Appointment of Conservator and Order to Show Cause ("Petition"). In the Petition, the relatives alleged that Wife was incompetent and sought to enjoin the sale of Wife's assets. From August 1996, until November 1997, the sale of Wife's assets, as well as the validity of the Trust, were the subject of ongoing legal proceedings, which ultimately culminated in an appeal to this Court.[1] During this fifteen-month period, the Trustee, Charles Young ("Young"), declined to close on contracts for the sale of Wife's property, the proceeds of which were to fund the Trust.

Prior to the proposed sale of Wife's assets and the establishment of the Trust, Young, in his capacity as Wife's accountant, made payments out of Wife's personal account for the mortgages, property taxes and insurance costs related to the Jim Reeves Enterprises property owned by Wife, as well as for Wife's personal and medical expenses.[2] The responsibility for the payment of these expenses, property-related, personal and medical, passed to the Trust per the trust document. After the challenges to the sale of Wife's property and validity of the Trust, Husband made payments relating to Wife's real property, and for her personal care. In total, Husband paid $75,077.78 in expenses from August 1996 through December 1997 from Husband's business account. These payments included mortgage, insurance and tax costs associated with the real property of Wife, as well as Wife's medical and personal expenses.

In an order dated Nov. 4, 1997, the Probate Court of Davidson County appointed a conservator for Wife, and approved the sale of Wife's real and personal property related to Jim Reeves Enterprises. The Trust was then funded with proceeds from this sale. As a result, in December 1997, Young, the Trustee, resumed payments of Wife's expenses related to her real property and her personal and medical care, from Trust assets.

Wife died on November 11, 1999. The disposition of the corpus of the Trust after Wife's death became the subject of the ongoing legal proceedings. In these legal proceedings, Husband

---

[1]The facts surrounding the sale of Wife's property and the Trust are set forth in more detail in this Court's opinion, *Arnold v. Davis*, No. M2003-00620-COA-R3-CV, 2004 WL 1372831 (Tenn. Ct. App. June 17, 2004) (perm. to app. denied, designated not for citation)).

[2]Because of the legal challenges, the transfer of property to fund the Trust was held in abeyance. Although the record is somewhat unclear, apparently Young could not make the payments out of Wife's bank account because Husband had withdrawn the funds.

contended that a portion of the Trust assets would pass to him directly, instead of to the Wife's estate ("Wife's Estate"). The trial court ruled that the assets of the Trust passed to Wife's Estate, and did not pass directly to Husband. This decision was appealed and was affirmed by this Court on June 17, 2004. *See* n.1 above.

On August 21, 2000, Husband filed a claim against Wife's Estate for $75,077.78. The amount of the claim represented:

> Payments made by Terry Davis for Mary Reeves Davis during period in 1996 and 1997 when she was receiving no income from the sale of her real estate. The income from the sale of Jim Reeves memorabilia and related items was being paid into the Trust and was not available to pay these expenses. During that period prior to the court's approval of the real estate sale, [Wife's] income was severely limited and was insufficient to meet the necessary real estate and personal expenses.

Husband attached to his claim an itemized list of the expenses paid from Husband's business account, as well as copies of cancelled checks and check stubs. Husband asserted that he paid these expenses out of his own personal funds in order to protect Wife's assets and provide for Wife's personal and medical needs. He noted that the Trust was obligated to pay these expenses, and therefore that the Trust benefitted from his payment of the expenses. Husband contended that it would be unjust for the Trust, and ultimately Wife's Estate as the recipient of the Trust assets, to retain the benefit of Husband's payment of the expenses without reimbursing him.

Wife's Estate filed an exception to Husband's claim. Wife's Estate noted first that, under settled law, neither spouse can recover reimbursement from the estate of the other spouse for voluntary payments for the benefit of the deceased spouse. Wife's Estate argued that the payments for the real property were not the obligation of the Trust, since neither the property nor the proceeds from the sale of the property had been transferred to the Trust. The payments for Wife's personal and medical expenses, Wife's Estate argued, were Husband's obligation, and the existence of the Trust did not change that. Wife's Estate argued that Husband was himself a beneficiary of the Trust, and therefore it was not inequitable to allow the Trust, and therefore Wife's Estate, to retain the benefits of Husband's payments. Moreover, Wife's Estate contended, Husband's payments were likely made from the proceeds of Wife's bank account, which were withdrawn shortly after Husband had his name added to the account. Finally, Wife's Estate argued that Husband's claim was invalid because it was not asserted against the Trust during Wife's lifetime.

The hearing on Husband's claim against Wife's estate was held on August 6, 2003. At trial, Young testified as Wife's accountant and as Trustee for the Trust. Young acknowledged in his testimony that the expenses paid by Husband from August 1996 through December 1997 were expenses that would have been paid by the Trust but for the legal challenge to the validity of the Trust. Young testified that he discussed with Husband the need for payment of the expenses to be paid, but, as Trustee, he did not agree to reimburse Husband for the payments.

In its ruling, the Probate Court found that the payments made by Husband on Wife's behalf were expenses that the Trustee would have paid, but for the ongoing legal challenge to the Trust. It acknowledged that, under settled Tennessee law, expenses voluntarily paid by a spouse on behalf of the other spouse are paid without expectation or right of reimbursement from the spouse's estate. The Probate Court found, however, that the creation of the Trust as a separate legal entity with the purpose and directive to pay expenses related to Wife's separate property and healthcare changed the character of Husband's payments from those of support by a spouse to payments made to protect Trust property. It noted that Husband should have filed a claim against the Trust during Wife's lifetime because the Trust had the duty to pay Wife's expenses, but Husband was not motivated to do so because he believed that he was a 50% beneficiary of the assets of the Trust upon Wife's death. Since the Trust assets were distributed to Wife's Estate, Wife's Estate was the successor-in-interest to the remaining assets of the Trust. As a result, the assets of Wife's Estate would have been smaller had the Trust, rather than Husband, paid the $75,077.78 in expenses. The Probate Court found there was insufficient evidence to establish that, through the use of the power of attorney granted to Husband by Wife, Husband paid these expenses from Wife's assets, that is, from the proceeds of Wife's bank account. Therefore, the Probate Court allowed Husband's claim against Wife's Estate in the amount of $75,077.78. From this order, Wife's Estate now appeals.

On appeal, Wife's Estate argues that the Probate Court should have disallowed Husband's claim because the money used by Husband to pay Wife's expenses was not from Husband's separate property, but rather from the account held solely in Wife's name that Husband converted by use of the power of attorney granted to him by Wife. Wife's Estate also contends that the Estate is not liable for payments made by Husband to protect Wife's real property when the proceeds from the sale of the real property would go to the Trust, of which the Husband was to be a beneficiary. Finally, Wife's Estate argues that the Estate is not liable for payments made by Husband for the healthcare and support of Wife because, under Tennessee law, a spouse cannot recover for voluntary payments made for the benefit of the other spouse. In response, Husband contends that the payments made by Husband protected and increased the value of the Trust property, and that consequently Wife's Estate, as successor-in-interest of the Trust, benefitted from the payments. Under these circumstances, Husband argues, the Probate Court correctly found that it would be inequitable and unjust for the Wife's Estate to retain the benefit without reimbursing Husband.

Appellate review is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13 (d). The reviewing court is required to conduct an independent examination of the record to determine where the preponderance of the evidence lies. *Wingert v. Government of Sumner County*, 908 S.W.2d 921, 922 (Tenn. 2001). Conclusions of law are subject to *de novo* review on appeal without any presumption of correctness. *Atkins v. Clark*, 59 S.W.3d 124, 126-27 (Tenn. Ct. App. 2001). Where the trial judge has seen and heard the witnesses, especially if issues of credibility and weight to be given oral testimony are involved, on appeal, considerable deference must be accorded the trial court's determinations of credibility, because it is the trial court which had the opportunity to observe the witnesses' demeanor and to hear the in-court testimony. *Long v. Tri-Con Ind., Ltd*., 996 S.W.2d 173, 177 (Tenn. 1999). The trial court's findings with respect to

-4-

credibility and weight of the evidence may generally be inferred from the manner in which the trial court resolves conflicts in the testimony and decides the case. ***Tobitt v. Bridgestone/Firestone, Inc.***, 59 S.W.3d 57, 61 (Tenn. 2001).

On appeal, the Wife's Estate asserts that Husband's claim against the Wife's Estate should have been disallowed because the money used by Husband to pay the expenses included in the claim was not money from Husband's separate funds. Wife's Estate argues that the funds used to pay Wife's expenses originated from the account held solely in Wife's name at SunTrust Bank. At trial, the Estate presented bank statements for a SunTrust account for the months of March, April, May and June of 1996. The March, April and May statements indicate that the account was in Wife's name only. The ending balance of the account on the May statement was $134,211. The June 1996, statement for the SunTrust account shows that the account had been changed to a joint account in the name of both Husband and Wife, and shows an ending balance of zero dollars.

The burden of proof for an affirmative defense is placed upon the party who raises it. ***Association of Owners of Regency Park Condo.,*** 878 S.W.2d 560, 566 (Tenn. Ct. App. 1994) (quoting Tenn. Jur. *Evidence* § 50 (1984). Thus, Wife's Estate bore the burden of demonstrating that Husband paid Wife's expenses with Wife's own funds. The trial court found that the evidence presented by Wife's Estate at trial was insufficient to conclude that Husband used his power of attorney to take Wife's money and then used her own money to pay her bills. From our review of the evidence, we must conclude that the evidence does not preponderate against the trial court's finding on this issue.

Wife's Estate argues that the Estate is not liable for payments made by Husband for the healthcare and support of Wife because, under Tennessee law, a spouse cannot recover for voluntary payments made for the benefit of the other spouse. It is undisputed that when a close relative of a decedent, such as a spouse, provides a benefit to that decedent during his or her lifetime, there is a presumption that the benefit was provided gratuitously, motivated by affection or duty towards the decedent. ***In re Conservatorship of Groves***, 109 S.W.3d 317, 356 (Tenn. Ct. App. 2003). No obligation on the part of the recipient to reimbursement payment for the benefit arises. ***Id.*** Consequently, family members are often precluded from recovering benefits provided to a decedent because the law presumes such benefits were gratuitous. ***Estate of Cleveland v. Gorden***, 837 S.W.2d 68, 71 (Tenn. Ct. App. 1992). The Probate Court recognized this principle, but found that Husband's payments had to be viewed in light of the existence of the Trust, which was obligated to provide for Wife's immediate and life-long personal and healthcare needs. Young, the Trustee, testified that, if not for the legal challenge to the validity of the Trust, the healthcare and support payments made by Husband on behalf of Wife, as well as the expenses of the real property related to Jim Reeves Enterprises, would have been paid from Trust assets. The Probate Court held that the payments for which Husband sought reimbursement should be characterized as costs and expenses paid on behalf of a legal entity separate from Wife, that legal entity being the Trust. Thus the Probate Court found that the Husband had overcome the presumption that benefits voluntarily provided by a spouse to a decedent are gratuitous. After our review of the record, we must conclude that the evidence does not preponderate against the Probate Court's finding on this issue.

Finally, Wife's Estate argues that Husband's claim should be disallowed because it is not inequitable for the Trust, and consequently Wife's Estate, to retain the benefit of Husband's payments because Husband is a beneficiary of the Trust. Indeed, in the parallel legal proceedings regarding distribution of the corpus of the Trust, Husband argued that a portion of the corpus should go directly to him, and not to Wife's Estate. If so, then, Wife's Estate could validly argue that Husband's payments for the benefit of the Trust were in essence to benefit him. However, at the conclusion of the other legal proceedings, the Probate Court found that the Trust instrument stated Wife's intention to "provide for the welfare of herself and her husband while she was living and upon her death to pass her assets, inclusive of the Trust assets, to her probate estate." Therefore, the Probate Court held that the corpus of the Trust passed to Wife's Estate, and not to Husband. This decision was upheld on appeal. *Arnold v. Davis*, No. M2003-00620-COA-R3-CV, 2004 WL 1372831 at *12 (Tenn. Ct. App. June 17, 2004) (perm. app. denied, designated not for citation)). Therefore, the argument of Wife's Estate on this issue is no longer valid.

Accordingly, we conclude that the Probate Court did not err in allowing Husband's claim of $75,077.78 against the Wife's Estate.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant, Ames Davis, as Administrator of the Estate of Mary Reeves Davis.

_____
HOLLY M. KIRBY, JUDGE